In the Matter of the Judicial Settlement of the Account of ORPHA A. BROWN and WALTER H. VROMAN, as Executors, etc., of HENRY N. BROWN, Deceased.

Surrogate's Court, Schoharie County, November, 1922.

**Wills — construction — gift during widowhood — when right of remaindermen to possession suspended — power of sale in executors — when inoperative.**

A testator survived by his widow who remained unmarried and by two sons and two daughters all under age devised and bequeathed to his widow for her support and maintenance the use of all his real estate, consisting of three farms which before his death were worked as one, and a house and lot in a village, together with the use of the personal property thereon, " so long as she lives and remains my widow. Also the use of all other of my personal property for said purpose until my youngest son arrives at the age of twenty-one years." The will also provided that at the death of the widow or her remarriage the village property with any personal property left thereon should be divided among their children then living, share and share alike, and that his other personal property should be divided between the widow and the children when the youngest son attained his majority. One of the farms was devised to the sons but possession was not to be given to them until the youngest arrived at the age of eighteen years and in the event of the death of either before arriving at the age of twenty-one years the survivor was to take the share of his deceased brother in said farm. A devise of a farm to each of the daughters, possession to be given as they respectively become twenty-one years of age, provided that in the event of the death of either before reaching that age the survivor was to take the share of the other. The devises to the sons and daughters were in each instance made subject to the interest of their mother in their father's estate which in express terms was declared by the will to be in lieu of her right of dower in both the real and personal property. *Held*, that the testator's intention was that

the widow should have the use of all his real estate and the personal property on the village property during her life or widowhood and the use of his other personal property until his youngest son became of age.

The word " possession " in the connection used with relation to the children's farms can have no efficacy or application so long as their mother lives and remains unmarried.

The personal property being more than sufficient to pay debts, funeral expenses and expenses of administration, and the will containing no direction to convert any real estate into cash, a clause giving the executors power to sell real property to " carry out the terms of the will " is inoperative.

. PROCEEDING to settle accounts of executors.

*F. Walter Bliss*, for petitioners.

*George M. Palmer*, special guardian.

*C. H. Proper*, for state tax commission.

BEEKMAN, S.   The construction of the following will has come on for determination upon the final judicial settlement of the estate pursuant to the petition and citation to show cause why the said accounts should not be judicially settled and the will should not be judicially construed and determined by the court. See Surrogate's Court Act, § 145.

The disposing parts of the will are as follows:

" *First*. After all my lawful debts are paid and discharged, I give, devise and bequeath To my Wife Orpha A. Brown the use of all my real Estate together with the personal property on the real property in the Village of Gilboa that may be there at time of my death, for her support and maintenance so long as she lives and remains my widow, Also the use of all other of my personal property for said purpose until my youngest son arrives of the age of Twenty-one years.   To my sons Stanley Brown and Raymond N. Brown I give devise and bequeath my farm known as the Home or Snyder farm share and share alike subject to the interest of my Widow as above stated, Possession to be given them when my youngest son Raymond arrives at the age of Eighteen years.   In the event of the death of either my said sons before arriving of the age of twenty-one years, the surviving one to take the share of the deceased one in said farm, To my oldest daughter Bertha Brown I give devise and bequeath the lower farm known as the Richtmyer Farm subject to the interest of my Widow as above stated, possession to be given when she becomes twenty-one years of age, To my Daughter Ethel M. Brown I give devise and bequeath the upper farm known as the Kingsley farm subject to the interest of my Widow as above stated, possession to be given when she arrives at the age of Twenty-one years, In the event of either of my said Daughters dying before arriving at the age of twenty-one years

the surviving one to have the place left to the one dying under age, My personal property left with any increase there may be when my youngest son arrives of age as above stated except that on the property in the Village of Gilboa, N. Y., at my death, to be divided equally between my Widow and children then living. At the time of death of my said Widow or her remarriage the real property in the Village of Gilboa, N. Y., together with any personal property then left thereon to be divided between my children then living, share and share alike. The benefits bequeathed to my Wife in my real and personal estate is to be and is in lieu of her right of dower in both real and personal property.

" Likewise, I make, constitute and appoint my Wife Orpha A. Brown and Walter H. Vroman to be executrix and Executor of this, my last Will and Testament, hereby revoking all former wills by me made. With full power to sell and convey real property to carry out terms of will."

According to allegations in petition and accounts the will was executed on January 11, 1916, and the testator died on February 17, 1916, a little over a month after its execution. The testator left a widow thirty-six years of age who remains unmarried and the following sons and daughters: Stanley, aged five years, five months and thirteen days; Raymond, aged one year, one month and seven days; Bertha, aged eight years, eight months and nineteen days, and Ethel M., aged six years, two months and eighteen days. The testator left the real estate described in the will. The net amount of his personal property after paying debts, funeral expenses and other charges amounts to approximately $1,300. The three farms mentioned in the will which prior to the death of the testator were worked as one farm were worth approximately as follows: The " Snyder farm" $2,500, the "Richtmyer farm " $1,000, and the " Kingsley farm " $1,000, the Gilboa house and lot about $2,300.

The will is inartificially drawn and needs careful consideration to arrive at the intention of the testator.

It will be observed that at the time of the execution of the will and the death of the testator the youngest child was about one year old and the oldest about nine years old.

The testator obviously knew that the children would have to be supported by his widow and that she should have an income for her own support during her life or widowhood.

Accordingly in the first clause he gives, devises and bequeaths to his wife the use of *all* his real estate together with the use of the personal property on the real property in the village of Gilboa " so long as she lives and remains my widow." There can be no

uncertainty as to when her use of the above-described property shall terminate, for the words are plain. It will be noted that he makes a distinction as to the time during which she shall have the " use " of the personal property other than the personal property on the real property at the village of Gilboa, for following the word " widow," in the first part of the will, he says " also the use of all other of my personal property for said purpose until my youngest son *arrives at the age of twenty-one years*," and later in his will he says that at the time of the death or remarriage of his widow the real property and personal property thereon in the village of Gilboa shall be divided between the children then living, share and share alike, and that his other personal property shall be divided between the widow and the children when his youngest son arrives at the age " above stated," namely, twenty-one years. All this tends to show that he intended that the widow should have the use of all the real estate and the personal property at Gilboa during her life or widowhood and the use of the other personal until the youngest son arrives at twenty-one years.

One of the difficulties in construing the will arises from the use of the word " possession " in the devises to his four children. It may reasonably be concluded that the testator used the word " possession " in the sense of the " occupancy " in case of death or remarriage of his widow and deemed it necessary to state when they should be permitted to enter into physical occupancy and take charge of the farms in case his widow should die or remarry before the respective children should arrive at a certain age, without his taking into account the rights and duties which they could exercise under the law through their respective general guardians over the real estate. The word " possession " in the connection in which it is used with relation to the children's farms can have no efficacy or application as long as the widow lives and remains unmarried. Taking into account all the language of the will, it does not seem that it was his intention by any later provisions to cut down the estate, rights and interest which he gave his widow in the first clause and leave her, in case she should not remarry, without the possession, use and profits of the real estate in her old age after she had supported and provided for the children during their minority. It will also be observed that the " benefits " he has given his wife are in lieu of dower. In the usual course of farming it cannot be anticipated or presumed that the profits of the farms will yield much more than will reasonably support his widow according to her station in life.

Furthermore it will be observed that in each clause by which he makes the devises to his sons and daughters he says " subject

Surrogate's Court, Schoharie County, November, 1922.    [Vol. 119

to the interest of my widow as above stated." The " interest " of the widow must be construed to mean an estate for life in case she does not remarry subject to termination before her death upon her remarriage.

The effect of the language of the will and the evident intention of the testator is to devise to Stanley and Raymond the " farm known as the home or Snyder farm," share and share alike, subject to the widow's estate for life or during widowhood (during which time she is to have the possession, rents, issues and profits of the said farms), such devise to said sons being further subject to the limitation as stated in the will, that " in the event of the death of either of my said sons before arriving at the age of twenty-one, the surviving one to take the share of the deceased one in said farm." Likewise the testator devises to his daughter Bertha the " lower farm known as the Richtmyer farm," and to his daughter Ethel M. " the upper farm known as the Kingsley farm," both devises to said daughters being subject to the widow's estate for life or during widowhood as above stated, and further subject to the limitation, as stated in the will, that in the " event of either of said daughters dying before arriving at the age of twenty-one years the surviving one to have the place left to the one dying under age." See Real Prop. Law, § 40. I believe the above conclusions conform to the general scheme of the will and work out justice in the case where a widow is left with four minor children and a small amount of property.

As to the power of sale contained in the will there is no direction or command to sell, but the testator says " with power to sell and convey real property to *carry out the terms of the will*." According to the accounts there is more than sufficient personal property to pay debts, funeral expenses and expenses of administration, and, therefore, there is no occasion to sell or mortgage the real estate for that purpose.

The real estate is devised as hereinbefore recited. There is no direction to convert any real estate into cash. Therefore, it is not necessary for the executors to sell the whole or any part of the real estate to " carry out the terms of the will," and the clause in relation to the executors selling real estate is inoperative and the executors have no right to sell the real estate.

Decreed accordingly.